```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GEM GLOBAL YIELD LLC SCS and
GEM YIELD BAHAMAS LIMITED,

                        Petitioners,
                                                              25-cv-3909 (PKC)
         -against-

                                                              ORDER
AUTO SERVICES GROUP LIMITED,

                        Respondent.
-----------------------------------------------------------x
```

CASTEL, District Judge:

Petitioners GEM Global Yield LLC SCS ("GEM Global") and GEM Yield Bahamas Limited ("GYBL") seek to enforce a final arbitration award (the "Final Award") from the International Centre for Dispute Resolution, an affiliate of the American Arbitration Association, against respondent Auto Services Group Limited ("ASGL"). GEM Global's and GYBL's petition invokes the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "NY Convention") and the implementing legislation, 9 U.S.C. § 201 et seq.

In this action, ASGL was served with process on May 28, 2025, by service upon Ms. Zytka Coleman at ASGL's registered office in the Cayman Islands. ASGL has neither responded to the petition nor sought an extension of time to do so. GEM Global and GYBL now move for a default judgment.

The Second Circuit has held that "default judgments in confirmation . . . proceedings are generally inappropriate," and the Court must review the pleading and

accompanying record in accordance with the standard for granting summary judgment. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions." Id. at 109. "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" Id. at 110 (citations omitted).

As the Second Circuit further explained, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case[.]'" Id. "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." Id. (citation omitted).

DISCUSSION

A final award will be recognized and enforced under the NY Convention provided the party seeking recognition and enforcement supplies the Court with duly certified copies of the final award and the underlying arbitration agreement, together with certified translations, if needed. Article IV, NY Convention. GEM Global and GYBL have met their burden of doing so. A party seeking to oppose enforcement must raise and prove one of the five defenses enumerated in Article V(1) of the NY Convention. ASGL has failed to respond in any manner to either the petition or the present motion.

In addition to the five enumerated defenses, under Article V(2) of the NY Convention the Court may also refuse to enforce a final award if it violates "public policy" or the

subject matter is not capable of resolution by means of arbitration in the place where enforcement is sought.

Here, GEM Global and GYBL entered into a Share Purchase Agreement (the "SPA") with ASGL that obligated GEM Global to purchase, after the public listing of ASGL's shares on a U.S. securities exchange and upon ASGL's "Draw Down" request, common shares of ASGL up to an aggregate limit of $125 million. The SPA in turn obligated ASGL to pay GYBL a $2.5 million "Commitment Fee" regardless of whether ASGL made any Drawn Down request. After ASGL's shares were listed on the Nasdaq exchange, a dispute arose between the parties solely as to when ASGL was required to pay GYBL the $2.5 million Commitment Fee under the SPA.

The SPA contained a clause providing for "final and binding" arbitration under the rules of the American Arbitration Association and the International Centre for Dispute Resolution. ASGL duly commenced the arbitration on July 23, 2024, and Grant Hanessian (the "Arbitrator") was subsequently appointed as arbitrator. ASGL sought a declaration that no portion of the Commitment Fee was yet due. GEM Global and GYBL asserted counterclaims based on ASGL's failure to make a first Commitment Fee payment to GYBL in the amount of $1.25 million by May 17, 2024 and a second Commitment Fee payment of $1.25 million by November 17, 2024, as required by the SPA.

Due to ASGL's failure to pay the arbitral tribunal's fee, only GEM Global's and GYBL's counterclaims proceeded to determination by the Arbitrator. ASGL defended against the counterclaims. Both sides submitted briefing and documentary evidence and oral argument was held on the parties' submissions. On April 28, 2025, the Arbitrator issued a 16-page Final Award finding that ASGL breached the SPA both on May 17, 2024 by failing to make the first

$1.25 Commitment Fee payment on that date and on November 17, 2024 by failing to make the second $1.25 million Commitment Fee payment on that date.[1]

The Arbitrator awarded GYBA $2.5 million in damages for ASGL's breach of the SPA, $106,644.12 representing pre-award simple interest of nine percent per annum on $1.25 million from May 17, 2024 to the date of the Final Award, and $49,931.64 representing pre-award simple interest of nine percent per annum on $1.25 million from November 17, 2024 to the date of the Final Award. The Arbitrator also awarded GYBA $154,221.20 in attorneys' fees pursuant to the SPA's requirement that ASGL indemnify GEM Global and GYBL for "all attorneys' fees" in connection with any "breach of representation, warranty or covenant of [ASGL] contained in [the SPA]." The Arbitrator further awarded simple interest on each of these amounts at nine percent per annum "from 30 days after the date of this award to the date of payment."

The Final Award addresses matters that are capable of submission to arbitration. The dispute was submitted to the arbitral tribunal pursuant to a written arbitration clause in the SPA and the party against whom the award is sought to be enforced was provided with notice and an opportunity to be heard and did in fact present its case. The proceedings fully accord with the NY Convention, the Final Award does not violate public policy, and there is no other defense to enforcement appearing on the face of the record. There is also no genuine factual dispute regarding the propriety of the Final Award, and GEM Global's and GBYL's submissions adequately demonstrate that it should be confirmed. Accordingly, the Court concludes that the Final Award is based in law and fact and should be confirmed.

---

[1] This action was timely commenced on May 9, 2025, within three years of the Final Award. 9 U.S.C. § 207.

Lastly, GEM Global and GYBL seek attorneys' fees and costs in connection with the filing of their petition. GEM Global and GYBL may submit a declaration supporting their attorneys' fees and costs application in accordance with the conclusion of this Order.

CONCLUSION

For the foregoing reasons, GEM Global's and GYBL's petition to confirm the Final Award (ECF 1) is GRANTED. The Clerk of Court is directed to enter judgment in favor of GEM Global and GYBL in the amount of $2,810,796.96, plus pre-judgment interest at a rate of nine percent per annum, calculated from 30 days after the April 28, 2025 date of the Final Award, through the date of the entry of the judgment. Post-judgment interest is available to GEM Global and GYBL as a matter of law.

Within fourteen days, GEM Global and GYBL shall submit a declaration from counsel regarding the attorneys' fees and costs they seek in connection with the filing of the petition.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 17, 2025